IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$114,700.00 IN UNITED STATES CURRENCY,

    Defendant.
_____

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
_____

The United States of America, by and through Acting United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

JURISDICTION AND VENUE

1. The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and some of the acts described herein occurred, in the District of Colorado.

1

## DEFENDANT PROPERTY

3. Defendant property is more fully described as:

a. $114,700.00 in United States Currency, (defendant "$114,700.00") seized on September 30, 2016, at 511 County Road 331, Silt, Colorado. Defendant $114,700.00 is currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

## MARIJUANA GROW INVESTIGATION

4. On September 29, 2016, Two Rivers Drug Enforcement Team (Trident) received information from Garfield County Sheriff's Office that a Road and Bridge employee advised them that there was a large marijuana grow located near 407 County Road 331, Silt, Colorado.

5. On September 29, 2016, a Task Force Officer with the Drug Enforcement Administration (DEA) contacted Garfield County Code Enforcement and advised them of the information received regarding the marijuana grow near 407 County Road 331. A Code Enforcement Officer indicated that they were not aware of a marijuana grow, but would check the property.

6. The Code Enforcement Officer contacted the Task Force Officer later that day to confirm that there was a marijuana grow located near 407 County Road 331. The

2

Code Enforcement Officer observed a large plot of land full of large mature marijuana plants.

7. On September 30, 2016, Trident officers arrived at the location of the marijuana grow and made contact with Richard Schwabe. Schawbe advised the officers that he was the owner of the property and was leasing the grow operation to an individual identified as Joshua Thomas.

8. The officers asked Schwabe if the marijuana grow was for medical or recreational purposes. Schwabe responded that the marijuana grow was for medical purposes. Officers asked Schwabe if they could see the paperwork for the marijuana grow.

9. Schwabe, along with a Trident officer, entered the barn located on the property to retrieve the documents. The officer observed approximately 50 immature plants, approximately six inches in height located on a table inside the barn.

10. Schwabe handed the officer two packets of paperwork. The paperwork contained two medical marijuana card applications for Joshua Thomas and Aaron Lippold. Both applications were signed by a physician named Scott McLaughlin recommending a plant count of 50 marijuana plants and 16 ounces of marijuana. Lippold's application listed Thomas as the caregiver.

11. Officers asked Schwabe if he was a caregiver or assisting anyone with the marijuana. Schwabe stated that he was assisting some friends. When asked how many friends and the names of the friends, Schwabe only stated that he was assisting "a couple friends, three or four" and that he did not know their names and did not have the

3

names written down. Schwabe indicated to the officers that his marijuana grow was the smaller marijuana grow that contained approximately 50-60 marijuana plants.

12. Officers performed a protective sweep of the property and observed two large marijuana grows. One grow contained approximately 50-60 marijuana plants and the second grow contained approximately 100-200 marijuana plants. Officers also observed several areas that contained large quantities of marijuana drying as well as approximately 50 immature marijuana starter plants. The barn contained numerous surveillance cameras that monitored the marijuana grow and at least two firearms were observed inside the barn.

13. While performing the protective sweep, Joshua Thomas arrived and spoke to the Trident officers. Thomas confirmed the smaller grow belonged to Schwabe and the larger marijuana grow belonged to him.

14. Thomas stated that all the marijuana currently drying on the property was his and estimated that the larger marijuana grow contained approximately 130-140 marijuana plants. Thomas explained that he was using the marijuana plants to extract hash oil to make marijuana edibles.

15. Thomas further explained that he wanted to provide the edibles to marijuana stores to get this foot in the door and show them that he could make a good product. Thomas stated that he does not have the correct licensing for what he is doing, but his goal was to obtain the correct licensing next year.

16. Trident officers informed Thomas that the medical marijuana paperwork allowed him to grow medical marijuana for his patients not to start a marijuana business.

17. On September 30, 2016, Trident officers executed a search warrant at the property and found a total of 217 marijuana plants. Inside the residence, officers found numerous firearms and large amounts of ammunition. In the living room, officers located "stink bags," odorless bags that can contain a substance and no smell will escape, which were located next to mailing envelopes. Also, in the living room was a shoe box that contained marijuana bud and marijuana seeds.

18. Officers found two safes both located in the living room area of the residence that contained a portion of defendant $114,700.00. One safe was located in a box in the living room and contained $95,200.00 of defendant $114,700.00. The Second safe was located above a dresser in the living room and contained $14,000.00 of defendant $114,700.00. Along with the two safes, officers found $5,500.00 of defendant $114,000.00 inside a Ziploc bag located on a side table in the living room underneath marijuana trimming tools.

19. A nationwide search of the Department of Labor records reported no income for Richard Schwabe.

20. As a result of the marijuana grow operation, Richard Schwabe was charged in Garfield County with Marijuana Cultivation – 30 or more plants and Marijuana possession with Intent to Distribute, in criminal case 2016cr3011.

21. There is reasonable cause to believe that the Richard Schwabe is involved in illegal marijuana cultivation and distribution of marijuana.

## VERIFICATION OF DREW HATCH
## TASK FORCE OFFICER, DRUG ENFORCEMENT ADMINISTRATION

I, Task Force Officer, Drew Hatch, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein are true.

Drew Hatch
Task Force Officer - DEA

STATE OF COLORADO   )
                    ) ss
COUNTY OF Mesa      )

The foregoing was acknowledged before me this 17th day of February, 2017 by Drew Hatch, Task Force Officer, Drug Enforcement Administration.

CYNTHIA A. LAMBERT
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID #20114013264
My Commission Expires March 3, 2019

Cynthia A. Lambert
Notary Public - Colorado
My Commission Expires: 3/3/19

6

## FIRST CLAIM FOR RELIEF

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, defendant $114,700.00 in United States currency constitutes proceeds traceable to an exchange of controlled substances, in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 17th day of February, 2017.

    Respectfully submitted,

    ROBERT C. TROYER
    Acting United States Attorney

By:  s/Tonya S. Andrews
    Tonya S. Andrews
    Assistant United States Attorney
    1801 California Street, Ste. 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    Fax: (303) 454-0402
    E-mail: tonya.andrews@usdoj.gov
    *Attorney for Plaintiff*