# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 17-cv-452-CMA-GPG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$114,700.00 IN UNITED STATES CURRENCY,

      Defendant.

---

## RECOMMENDATION REGARDING THE UNITED STATES' MOTION TO STRIKE

---

      This matter comes before the Court on the United States' motion to strike affirmative defenses (ECF #16)[1] (which was referred to this Magistrate Judge (ECF #17))[2], and Claimant's response (ECF # 21).   The Court has carefully reviewed each of the aforementioned documents and any attachments.   The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises.   Oral argument was not requested and is not necessary to

---

[1] "(ECF #16)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

resolve this discrete issue.  For the following reasons, I respectfully recommend that the motion

GRANTED in part, DENIED in part, and no action be taken as to defense 12 as set forth below.


## I. Legal Standard

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save

the time and money that would be spent litigating issues that will not affect the outcome of the

case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM,

2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F.

Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the

federal courts generally view motions to strike with disfavor and infrequently grant such

requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed.

2011).

Whether to strike an affirmative defense rests within the discretion of the trial court.

*Anderson v. Van Pelt*, No. 09-cv- 00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010)

(citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under

any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). The standard

articulated in *Unger* continues to be the appropriate standard. For the following reasons, the

Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant

to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under

any circumstance.

## II. Analysis

The United States moves to strike nine of Claimant's affirmative defenses (numbered as found in Claimant's answer (ECF #15)) under the following theories: (3) violation of Claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution (The United States is not seeking to strike the Fourth Amendment portion of this defense); (5) lack of jurisdiction; (6) taking without due process of law and without justification in violation of the Fifth Amendment to the United States Constitution; (8) an excessive fine; (9) insufficient notice and opportunity to be heard prior to the seizure or initiation of the action; (10) violative of the Fourth Amendment and the Right to Financial Privacy Act; (11) violative of Article I, Section 1 and Section 8, Clause 18 of the United States Constitution as an unlawful delegation of legislative power; (12) a Constitutional violation as the burden of proof should be clear and convincing rather than a preponderance burden; and (14) the forfeiture was unnecessarily delayed. With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

The Claimant states that he does not intend to pursue affirmative defenses 5, 6, 9, 10 and 11. *See* ECF #21, p. 7. Thus, the Court recommends striking those defenses as they are withdrawn.

The Claimant concedes the United States' argument as to affirmative defense 8, that forfeiture of drug proceeds in this manner can never be excessive, *see United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1395 (10th Cir. 1997). The Court concurs noting that such forfeiture "serves [a] wholly remedial purpose . . ." *Id.* Thus, the Court recommends striking defense 8.

Remaining are defenses 3, 12, and 14.

Affirmative defense (3):  violation of Claimant's Fourth Amendment rights and/or the Due Process Clause of the Fifth Amendment of the United States Constitution and related case law (The United States is not seeking to strike the Fourth Amendment portion of this defense)

Claimant challenges "the seizure and arrest of the claimant and his effects including defendant property . . ."  ECF #15, p. 6 (sic).   As a preliminary matter, the United States properly notes that this is an *in rem* forfeiture action for property and has no bearing on the seizure and arrest of the Claimant.  With regard to the Fifth Amendment, the only portion which could conceivably apply to this *in rem* action would be the due process clause which states "nor be deprived of . . . property, without due process of law;"   The Fifth Amendment to the Constitution of the United States of America.

Claimant is not entitled to pre-seizure notice.  *See United States v. One Parcel of Real Prop. Described as Lot 41, Berryhill Farm Estates*, 128 F.3d 1386, 1392 (10th Cir. 1997).  Claimant, through this action, is being afforded the due process to which he is entitled.

Thus, the Court recommends striking defense 3, with the exception of the possible argument that the search of his home was a Fourth Amendment violation.

Affirmative defense (12): a Constitutional violation as the burden of proof should be clear and convincing rather than a preponderance burden

Defendant raises this same issue in Claimant's motion to dismiss (ECF #23), which motion, the response (ECF #31) and the reply (ECF #38) more fully brief the matter.  The Court intends to address the matter in a recommendation on that motion rather than in this fashion.  To

the extent necessary, the Court will issue a further recommendation on this discrete issue at a later time.

Affirmative defense (14): the forfeiture was unnecessarily delayed

The Government sets forth, at ECF #16, p. 9, the dates associated with seizure (9/30/16), notice to Claimant (less than three weeks thereafter), and the filing of the forfeiture proceeding. Claimant agrees that the claim was initiated promptly stating "[t]he government appears to have initiated this action  sufficiently promptly from the time of its discovery of any facts giving rise to the government's claim . . ." *Id*.  Essentially, Claimants affirmative defense rests on the premise that "[i]t remains to be seen whether the government will commence trial promptly from the time of seizure or filing sufficient to satisfy Due Process." *Id*.

The Court determines that it is not the appropriate time to apply the *Barker* balancing test as all parties seem to agree that the action is currently proceeding apace.  While it may be appropriate in some circumstances, such as with a significant initial delay in filing, to address timeliness as an affirmative defense, such a prophylactic application is not appropriate in this action.   The defense of delay is insufficient as a matter of law under these circumstances and is immaterial at this time.

Thus, the Court recommends striking defense 14.

I respectfully recommend that the Honorable District Court Judge Christine Arguello:

Strike defenses 5, 6, 9, 10 and 11 as the Claimant has expressed his intent to not pursue these affirmative defenses;

Strike defense 8 as the Claimant concedes, and the Court concurs, with the United States' argument as to this affirmative defense;

Strike defense 3 with the exception of the possible argument that the search of his home was a Fourth Amendment violation;

Take no action as to defense 12;

Strike defense 14.

Dated at Grand Junction, Colorado, this October 17, 2017.

_____

Gordon P. Gallagher

United States Magistrate Judge