IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00452-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$114,700.00 in United States Currency,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE GORDON P. GALLAGHER**

---

This matter is before the Court on two Recommendations by United States Magistrate Judge Gordon P. Gallagher (Doc. ## 45, 46), wherein he recommends that the Court deny the Claimant's Motion to Dismiss (Doc. # 23) and strike the Claimant's Twelfth Affirmative Defense (Doc. # 15 at 8–9.) The Recommendations are incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

## I.    STANDARD OF REVIEW

The Recommendations advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 45 at 1, n.2.) The Claimant timely filed his objection within fourteen days, challenging both Recommendations entirely. (Doc. # 47.) The Court is thus required to determine the disputed issues de novo. Fed. R. Civ. P. 72(b)(3). In so doing, the Court "may accept, reject, or modify the recommended disposition[.]" *Id.*

## II. BACKGROUND

The Government filed its Complaint for forfeiture *in rem* alleging that Claimant's $114,700.00 in currency constitutes proceeds traceable to narcotics trafficking in violation of 21 U.S.C. § 881(a)(6). (Doc. # 1.) To prevail at trial, the Government must prove by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c). In other words, the Government must prove that it is more likely than not that the proceeds are traceable to an exchange of controlled substances. *In re Winship*, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring) (explaining the preponderance of the evidence standard).

Claimant filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12, alleging that both 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 983(c) violate the United States Constitution under the Due Process Clause. (Doc. # 23.) Claimant raises the same constitutional argument as an affirmative defense in his Answer. (Doc. # 15 at 8–9.) In both instances, Claimant argues that the forfeiture statute is unenforceable, requiring either complete dismissal of this case or, at the very least, the application of a heightened burden. (Doc. ## 15 at 8–9; 47 at 1.)

Magistrate Judge Gallagher disagreed with Claimaint's arguments, recommending instead that Claimant's Motion to Dismiss be denied and his affirmative defense be stricken. (Doc. # 45.) Having reviewed the issues de novo, the Court agrees with Magistrate Judge Gallagher with respect to both Recommendations.

### III. CONSTITUTIONALITY OF 18 U.S.C. § 983(c)

The Court considers three factors when determining whether the standard of proof in a particular proceeding comports with due process: (1) the individual interest affected by the proceeding; (2) the risk of error created by the procedure; and (3) the countervailing governmental interest supporting the challenged procedure. *Santosky v. Kramer*, 455 U.S. 745, 754 (1982). The Court finds that all three factors weigh in favor of upholding the constitutionality of 18 U.S.C. § 983(c).

#### A. THE INDIVIDUAL INTEREST

Pursuant to U.S. Const. amend. V, no person can be deprived of life, liberty, or property without due process of law. However, neither life nor liberty interests are at stake in this case. Rather, the deprivation at issue is property—specifically, currency allegedly stemming from illegal drug activity.

Claimant argues, however, that this action involves more than the mere loss of money because it is significantly punitive and criminal in nature, thereby necessitating the application of a heightened beyond a reasonable doubt standard. (Doc ## 23 at 2, 5; 47 at 16.) Indeed, whether "forfeiture is characterized as civil or criminal carries important implications for a variety of procedural protections" which include proper standards of proof. *Leonard v. Texas*, 137 S. Ct. 847, 849-50 (2017) (denying petition for a writ of certiorari).

This Court, however, rejects Claimant's arguments because the Supreme Court has already spoken on this issue. In *United States v. Ursery*, 518 U.S. 267, 292 (1996), citing to numerous cases supporting its conclusion, the Supreme Court held that

forfeiture proceedings under 21 U.S.C. § 881 "are neither punishment nor criminal for purposes of the Double Jeopardy Clause." *United States v. Ursery*, 518 U.S. 267, 278-292 (1996). It added that "there is little doubt that Congress intended proceedings under §§ 881 and 981 to be civil[.]" *Id.* at 288. The Court further explained, "To the extent that § 881(a)(6) applies to 'proceeds' of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts." *Id.* This Court sees no reason to depart from the Supreme Court's thoughtful analysis and concludes that it equally applies to the circumstances of this case.

Nonetheless, the Court recognizes that the deprivation of property, even in a civil proceeding, sometimes "involves substantial due process interests." *Krimstock v. Kelly*, 306 F.3d 40, 61 (2d Cir. 2002). Whether those interests have been significantly infringed, however, depends on "the nature of the interest" and whether it "is one within the contemplation of the . . . 'property' language" of the Due Process Clause. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972) (citation omitted).

As mentioned, the property interest here is currency allegedly involved in drug trafficking. Individuals do not have a right to property related to drug trafficking under 21 U.S.C. § 881(a). Such property, therefore, is not "within the contemplation of the . . . 'property' language" of the Due Process Clause. *Morrisey*, 408 U.S. at 481. Accordingly, Claimant's individual interest in this case does not weigh in favor of raising the Government's burden of proof.

**B.    THE RISK OF ERROR**

The second factor—the risk of error—also weighs against finding a due process violation. Because this case involves an adversarial dispute between the Government and the Claimant, the "relevant question is whether a preponderance standard fairly allocates the risk of an erroneous factfinding between [the] two parties." *Santosky v. Kramer*, 455 U.S. 745, 761 (1982). To determine whether the standard fairly allocates the risk of error, the Court considers the nature of the inquiry and the adequacy of existing procedures to protect against error. *Matthews v. Eldridge*, 424 U.S. 319, 343, 348 (1976).

The nature of the forfeiture inquiry in this case involves tracing proceeds to narcotics trafficking. 21 U.S.C. § 881(a)(6). Because of the secretive nature of the illegal drug-trafficking business, proving that proceeds are traceable to drug-trafficking is a difficult task, especially with respect to cash proceeds. *United States v. $242,484.00*, 389 F.3d 1149, 1161 (11th Cir. 2004). Establishing the evidentiary trail to prove that certain proceeds are directly tied to specific illegal activity is already a challenging task under the current burden of proof. (Doc. # 31 at 7.) Raising the burden of proof to a beyond a reasonable doubt standard would make the Government's task even more difficult and would disproportionately shift the risk of error in favor of the Claimant who already has the advantage of personal knowledge to refute, by a preponderance of the evidence standard, the Government's evidence. As Magistrate Judge Gallagher stated, "most of us have some records to justify the money we possess[.]" (Doc. # 45 at 9.)

Thus, considering the nature of the inquiry here—forfeiture of drug proceeds—the preponderance standard fairly allocates the risk of error between the parties, providing the Government a sufficient opportunity to prove its case while allowing the Claimant to adequately refute it.

Furthermore, any risk of error from a preponderance standard is alleviated by the numerous statutory safeguards that protect claimants from an erroneous deprivation of their property. *See generally* 18 U.S.C. § 983. For example, a claimant has a right to counsel if counsel was appointed for a related criminal case. *Id.* at § 983(b)(1)(A). The statute also provides an innocent owner defense. *Id.* at § 983(d). Moreover, in enacting the forfeiture statute, Congress actually shifted the burden of proof from the claimant to the government and raised that burden of proof from probable cause to preponderance of the evidence. *United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1184 (9th Cir. 2002). As such, Congress has already contemplated the issue and concluded that the existing safeguards adequately ensure that innocent claimants are not erroneously deprived of their property.

Concern about a potential risk of error, therefore, does not weigh in favor of heightening the government's burden.

## C. GOVERNMENT INTEREST

Finally, the Government's interest also weighs against changing the evidentiary burden or striking down the statute. There is a "strong governmental interest in obtaining full recovery of all forfeitable assets[.]" *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 631 (1989). In other words, the Government has a legitimate

interest in removing profits obtained through crime. *United States v. Ursery*, 518 U.S. 267, 291 (1996). Forfeiture laws further this interest by punishing wrongdoing; deterring future conduct; lessening the economic power of criminal enterprises; and recompensing victims of crime, improving conditions in crime-damaged communities, and supporting law enforcement activities. *Caplin* 491 U.S. at 629-30. These interests would be significantly undermined if the standard of proof were heightened.

Accordingly, weighing the competing interests and considering any risk of error posed by a preponderance of the evidence standard, the Court finds that the burden of proof set forth in 18 U.S.C. § 983(c) is constitutional.

## IV. MOTION TO STRIKE

In his Twelfth Affirmative Defense, the Claimant raises the same due process contentions set forth in his Motion to Dismiss. (Doc. ## 15 at 8-9; 23.) Although a challenge to the constitutionality of a statute "may be raised by answer," the Court has discretion to consider a constitutional argument at any time. *Kewanee Oil & Gas Co. v. Mosshamer*, 58 F.2d, 711, 712 (10th Cir. 1932). Having already determined that the challenged statute is constitutional, the Court likewise strikes the Claimant's Twelfth Affirmative Defense.

## V. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Recommendations of United States Magistrate Judge Gallagher (Doc. ## 45, 46) are AFFIRMED and ADOPTED.

2. The Motion to Dismiss (Doc. # 23) is DENIED.

3. Claimant's Twelfth Affirmative Defense (Doc. # 15 at 8–9) is STRICKEN.

DATED: February 1, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge