IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00452-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$114,700.00 IN UNITED STATES CURRENCY,

    Defendant.

---

## ORDER ON MOTIONS IN LIMINE

---

This matter is before the Court on the Parties' Motions in Limine. (Doc. ## 115, 116.) The Government filed a Response (Doc. # 119) to Claimant Richard Schwabe's Motion on November 14, 2019, and Claimant filed a Response (Doc. # 120) to the Government's Motion on the same date. For the following reasons, the Government's Motion is granted in part and denied in part, and Claimant's Motion is denied.

### I.    BACKGROUND

This civil forfeiture case arises from the Government's seizure of the defendant currency during a search of Claimant's property, which was conducted pursuant to a valid[1] search warrant. At issue is whether the defendant currency "constitutes proceeds

---

[1] Claimant challenged the validity of the search warrant his Motion to Suppress. (Doc. # 65.) The Court denied Claimant's Motion and upheld the validity of the warrant after conducting a full-day evidentiary hearing on July 26, 2018. (Doc. # 86.) Notably, although the warrant may have contained the wrong numerical address of Claimant's property, the Court determined that

traceable to the exchange of marijuana and, therefore, is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)." (Doc. # 111 at 2.)

The Government alleges that Claimant had been cultivating marijuana for at least a year prior to the seizure of the defendant currency, and "the most likely source of [the] defendant currency is from the sale and distribution of marijuana . . . ." (*Id*.) Claimant, on the other hand, alleges that the defendant currency has legitimate sources. This case is set for a five-day jury trial beginning on December 2, 2019.

## II.     DISCUSSION

The Motions in Limine either seek to preclude evidence from being admitted at trial or request that the Court rule in advance on the admissibility of certain statements. The Court will address the Government's Motion before turning to Claimant's Motion.

**A.    THE GOVERNMENT'S MOTION**

The Government's Motion raises four separate arguments. Specifically, the Government asserts that the following evidence should be precluded: (1) issues regarding the legality of the search of Claimant's property; (2) arguments involving the disposition of the defendant currency if the Government prevails at trial; (3) issues regarding marijuana policy; and (4) arguments that could result in jury nullification. The Court will analyze each argument in turn.

    1.     Issues Regarding the Legality of the Search of Claimant's Property

This Court has already determined that the search of Claimant's property was lawful. (Doc. # 86.) As a consequence, the Government argues that "it would serve no

---

the warrant was sufficiently particular because the affiant provided an "extremely specific" description of the property.

useful or proper purpose for the jury to be informed . . . that the address on the warrant was incorrect, the number of officers present, that some officers were in camouflaged attire and carrying firearms, or that Claimant . . . allegedly felt intimidated." (Doc. # 115 at 3.) In response, Claimant indicates that he does not intend to relitigate the legality of the search. Rather, Claimant argues that information regarding the search is independently relevant for two reasons.

First, Claimant asserts that if the Government introduces statements that Claimant made during the search, information regarding the manner in which officers executed the search is relevant to Claimant's theory that his statements were made because he felt intimidated. (Doc. # 120 at 2.) Second, Claimant asserts that information regarding errors made by the officer whose affidavit supported the search warrant is relevant to attack the credibility of that officer's observations during the search itself. (*Id*. at 2–3.) The Court agrees with Claimant's first argument but not his second argument.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. However, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence regarding the manner in which officers executed the search warrant is relevant. At issue is whether the defendant currency constitutes proceeds of drug

3

trafficking. If Claimant made statements during the search of his property that suggest that the defendant currency did constitute such proceeds, Claimant could reasonably pursue the theory that he made the statements because he felt intimidated and not because they were true. If the statements were not true, the jury could determine it is less likely that the defendant currency constitutes proceeds of drug trafficking. Importantly, even if Claimant made the statements in question because he subjectively felt intimidated, that does not raise a significant risk that the jury would reach the conclusion that the search was unlawful.[2]

By contrast, there is a substantial danger that the jury could mistakenly reach the conclusion that the search was somehow invalid if Claimant presents evidence regarding errors in the affidavit underlying the warrant. Although Claimant indicates that the evidence would have the limited purpose of casting doubt on the credibility of the officer who made the errors, it is very likely that jurors could become confused as to whether the errors invalidated the warrant. Additionally, a limiting instruction would not sufficiently reduce the risk of confusion because the introduction of the issue is misleading and correcting the misimpression analogous to unscrambling an egg.

Therefore, the Government's Motion is granted to the extent that it seeks to preclude evidence regarding errors in the search warrant. However, the Motion is denied as to information regarding the manner in which officers executed the search.

---

[2] Information regarding the manner in which officers executed the search is relevant **only if** the Government introduces statements that Claimant made at the time of the search.

### 2. Arguments Involving the Disposition of the Defendant Currency

The Government asserts that arguments based on the disposition of the defendant currency—i.e., how the currency would be distributed—if the Government prevails at trial should be precluded. Specifically, the Government argues that "the disposition of the defendant currency . . . is wholly irrelevant to the question of the forfeitability of [that] currency." (Doc. # 115 at 5.) That is true. However, Claimant argues that the distribution of the currency is relevant because it suggests that officers who executed the warrant had a self-interested bias.

"Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Accordingly, the Tenth Circuit has held that litigants "should ordinarily be given wide latitude when cross-examining a witness about credibility or bias." *United States v. Abbo*, 515 F. App'x 764, 768 (10th Cir. 2013) (quoting *United States v. DeSoto*, 950 F.2d 626, 629 (10th Cir. 1991)). Thus, "[c]ounsel should be allowed 'to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.'" *DeSoto*, 950 F.2d at 629 (quoting *Davis v. Alaska*, 415 U.S. 308, 317 (1974)).

Claimant asserts that "the agencies of the local officers involved in the investigation and seizure of [Claimant's] money will be permitted to keep and use 80% of that money as they see fit if the money is forfeited." (Doc. # 120 at 3.) Therefore, Claimant effectively argues that some of the officers involved in this case have a

financial interest in the outcome. Such an interest could theoretically motivate an officer's conduct. As a result, because litigants are entitled to substantial latitude to inquire into the possible bias of a witness, Claimant may explore that theory on cross examination.

Therefore, the Government's Motion is denied as to arguments regarding the disposition of the defendant currency.

3. <u>Issues Regarding Marijuana Policy</u>

The Government seeks to exclude "(1) any argument or evidence concerning the legality of marijuana in Colorado prohibiting forfeiture of the defendant property under federal law and (2) the introduction of evidence and argument regarding marijuana policy." (Doc. # 115 at 6.) The Court agrees.

Regardless of Colorado state law, "marijuana is still classified as a federal 'controlled substance' under schedule I of the [Controlled Substances Act]." *High Desert Relief, Inc. v. United States*, 917 F.3d 1170, 1175 (10th Cir. 2019) (quoting *Green Solution Retail, Inc. v. United States*, 855 F.3d 1111, 1113 (10th Cir. 2017), *cert. denied*, 138 S.Ct. 1281 (2018)); *see also* U.S. CONST. art. VI ("This Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding.").

Arguments related to state law, Department of Justice policy regarding marijuana prosecutions, or differences between state and federal law are irrelevant to whether the defendant currency is subject to forfeiture under federal law. Moreover, it is improper to

present legal arguments—or policy arguments about what the law ought to be—to the jury. The jury's role is limited to determining the facts of this case: i.e., whether the defendant currency constitutes proceeds of drug trafficking pursuant to federal law.

Therefore, the Government's Motion is granted insofar as it seeks to exclude issues regarding marijuana policy.

### 4. <u>Arguments that could result in jury nullification</u>

The Government seeks to "exclude evidence or argument intended to provoke the jury to disregard the law or urging jury nullification, including any arguments on public policy contrary to law." (Doc. # 115.) The Government's Motion is granted for the same reasons the Court articulated in Section II(A)(3), *supra*.

It is the role of the Court to instruct the jury as to the law. The Parties may not employ strategies that are intended to either usurp that role or encourage the jury to violate its oath to follow this Court's instructions. More specifically, the Court will not permit arguments which attempt to excuse violations of federal law based on either state law or policy arguments about what the law ought to be.

### B. CLAIMANT'S MOTION

Claimant's Motion raises three separate arguments. Specifically, Claimant asserts that: (1) evidence of firearms and ammunition should be excluded; (2) certain statements proffered by the Government should be excluded; and (3) certain out of court statements made by an individual who will not testify at trial should be admitted. The Court will analyze each argument in turn.

1. <u>Evidence of Firearms and Ammunition</u>

Claimant "seeks exclusion of any evidence of his firearms and ammunition, discovered but not seized during the search of his property . . . ." (Doc. # 116 at 1) (footnote omitted). In response, the Government argues that "the presence of firearms in [Claimant's] residence is a fact, like the surveillance cameras, two large marijuana grows, . . . odorless bags, . . . and the large amount of defendant currency . . . [that] are relevant evidence of drug trafficking . . . ." (Doc. # 119 at 2.) The Court agrees with the Government.

The ultimate question in this case is whether the defendant currency constitutes proceeds of drug trafficking. The Tenth Circuit has held that "[i]n the context of drug-trafficking crimes, firearms are frequently 'tools of the trade.'" *United States v. King*, 632 F.3d 646, 655 (10th Cir. 2011) (citation omitted). Therefore, the presence of "tools of the trade," such as firearms, increases the likelihood that the defendant currency was associated with drug trafficking.[3] As a result, the firearms are relevant evidence for purposes of Rule 401 of the Federal Rules of Evidence.

Moreover, "[e]vidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (citation omitted). "To be *unfairly* prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id*. (quoting Fed. R. Evid. 403 advisory committee's note).

---

[3] Claimant has not provided any authority in support of his argument that a firearm's status a "tool of the trade" of drug trafficking should be established at trial by an expert's opinion. Additionally, the "jury is entitled to draw reasonable inferences from circumstantial evidence . . . ." *Wickman v. Henderson*, 19 F. App'x 740, 743 (10th Cir. 2001).

Claimant indicates that he is concerned that jurors "will hate guns so much that they will simply hear that Claimant owned guns and want to punish him regardless of the evidence." (Doc. # 116 at 3.) However, the Court disagrees that an individual's ownership of firearms is such an emotionally charged issue that it will unfairly prejudice Claimant. Jurors with such an extreme view can be excused after proper *voir dire*. Additionally, Claimant may cite factors such as his sporting interests to support his argument that the firearms were not associated with drug trafficking, and the jury can weigh which version of the facts is more persuasive.

Therefore, Claimant's Motion is denied with regard to evidence of his gun ownership.

2. <u>Challenged Statements Proffered by the Government</u>

Claimant seeks a ruling that various statements that the Government may introduce at trial are inadmissible hearsay. (Doc. # 116 at 5.) However, the Government argues that it is premature to rule on the statements. The Court agrees with the Government.

The Court is unaware of the details of the challenged statements. The Government indicates that it "provided notice to counsel for Claimant . . . that [the Government] intends to introduce evidence that may fall within amended Fed. R. Evid. 807." (Doc. # 119 at 4.) However, the Government further indicates that a ruling on the statements is warranted only when the Court "can assess the totality of the circumstances and other evidence that may be admitted at trial," and the "statements

may be admissible under other exceptions to the hearsay rule, rendering their introduction under Rule 807 moot." (*Id*. at 5.)

Therefore, the Court does not have sufficient information to make a ruling pursuant to Rule 807. The Court does note, however, that the amended Rule 807 still presents a high bar. The Rule is unavailable to litigants if "it is apparent that the hearsay could be admitted under another exception," and litigants must demonstrate that "the hearsay is supported by guarantees of trustworthiness." (Doc. # 119-1 at 1, 2) (amended Rule 807 advisory committee's note).

Therefore, Claimant's Motion is denied without prejudice as to the statements that the Government may seek to introduce at trial.

    3.    <u>Out of Court Statements by a Nontestimonal Witness</u>

Claimant seeks a ruling on "an email and accompanying spreadsheet by Paul Sanchez . . . ." (Doc. # 116 at 8.) The Court denies Claimant's Motion as to those documents without prejudice. The Court notes that although Claimant indicates that the documents are "essentially a business record," Claimant has not met any of the foundational requirements of Federal Rule of Evidence 803(6). Claimant also raises a myriad of other arguments. For instance, Claimant asserts that the documents: are not hearsay; qualify for the Rule 807 residual hearsay exception; and may be used on cross examination even if the record is not "admitted per se as an exhibit . . . ." (*Id*. at 8.)

However, those arguments are too insufficiently developed—both factually and legally—to warrant any discussion.[4]

### III.    CONCLUSION

Based on the foregoing, the Government's Motion in Limine (Doc. # 115) is GRANTED IN PART AND DENIED IN PART. The Motion is **granted** as to:

- evidence regarding errors in the search warrant;
- issues regarding marijuana policy; and
- arguments that could result in jury nullification.

The Motion is **denied** as to:

- information regarding the manner in which officers executed the search of Claimant's property; and
- arguments regarding the disposition of the defendant currency. It is

FURTHER ORDERED that Claimant's Motion in Limine (Doc. # 116) is DENIED. The Motion is DENIED WITHOUT PREJUDICE as to the statements that the Government may seek to introduce at trial and the documents that Claimant sought to admit into evidence. Claimant may raise those arguments at trial.

DATED: November 19, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[4] With respect to Claimant's statement that he may attempt to introduce Peter Carley's statements based on Rule 807, the Court reiterates that the Rule presents a high bar.