**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00452

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$114,700.00 IN UNITED STATES CURRENCY;

        Defendant,

_____/

**CLAIMANT'S MOTION FOR REASONABLE ATTORNEY FEES AND COSTS**

     Claimant Richard Schwabe, by and through counsel, moves this Court for an order for

attorney fees and costs against Plaintiff United States of America ("the government") pursuant to

28 U.S.C. §2465(b)(l)(A) following the Jury's Verdict and this Court's Judgment in his favor.

**MEMORANDUM**

I.    **Relevant Facts – The Case and Claimant's Attorneys**

    **The Case.** On September 30, 2016, law enforcement officers searched Mr. Schwabe's

property, observing both a large marijuana grow on the property, which was being conducted by

Joshua Thomas, and a smaller marijuana grow on the property, which was Mr. Schwabe's

personal grow that he maintained. Officers seized the $114,700.00 Defendant currency from Mr.

Schwabe's home, believing it was connected to marijuana sales. The government filed this

forfeiture action against the property in February 2017.

    Mr. Schwabe filed a claim to his funds, and throughout this action maintained that his

money was legitimately earned and saved, primarily from his work spanning the 1980s

renovating a mountain lodge, and that he had rental, handyman, and other legitimate income that

allowed him to grow and keep his cash savings over the years until the seizure.

In discovery, the government, among other things, interviewed Mr. Schwabe's former employers, and subpoenaed thousands of pages of Mr. Schwabe's personal, financial, and business records. The parties conducted written discovery and several depositions of percipient witnesses, litigated pretrial motions, and had an evidentiary hearing on Claimant's motion to suppress, which the Court denied. Claimant's motion for summary judgment was also denied.

After a three day jury trial, the jury deliberated for two hours and unanimously found that the government only proved (by the low and forgiving preponderance burden) that a mere $21,000 of the $114,700 was subject to forfeiture, finding that the vast majority of Mr. Schwabe's money ($93,700.00) was not related to or earned from marijuana sales.

Pursuant to 28 U.S.C. § 2465(b)(1)(A), the government is liable to a claimant, who substantially prevails in a civil forfeiture action like the present, for reasonable attorney fees and other litigation costs incurred in the action. There is no serious conclusion but that Mr. Schwabe here substantially prevailed, so the government is now liable for Mr. Schwabe's attorney fees and other costs of litigation incurred in this case. Indeed, the Court has noted so much in its Judgment. *See,* Judgment, Doc. 133, at p. 2 ("As the Claimant has substantially prevailed in this matter, the provisions of 28 U.S.C. § 2465(b) shall apply regarding fees [and] costs …").

As discussed herein and supported by concurrently filed declarations and exhibits, to date, Mr. Schwabe seeks $480,646.00 in reasonable attorney fees for the attorneys who worked on his case using the standard lodestar determination, and $18,625.66 in reasonable costs incurred as memorialized in the concurrently filed bill of costs and accompanying itemized spreadsheet. Mr. Schwabe, with his reply brief will submit a final amount with supporting papers to account for the time spent on this present motion and the reply brief by his attorneys.

**Mr. Schwabe's Attorneys.** On the referral of his criminal defense attorney (<u>Declaration</u>

of Lauren R. Maytin, filed concurrently, at p. 2 ¶ 5), Mr. Schwabe wisely hired the Law Offices

of Michael and Burch, LLP, from San Francisco, California, to defend his claim and represent

him in this case. Attorneys Michael and Burch, of that firm, constitute an established and highly

successful forfeiture defense firm (a highly specialized field, *see* discussion *infra*). *See, e.g.,*

Burch Decl. & Michael Decl., filed concurrently; *see also,* Mr. Burch's and Mr. Michael's

appellate/district court record, *e.g., U.S. v. $574,840*, 19 F.3d 648 (7th Cir. 2013) (reversing

district court striking of claimants based on perceived lack of standing); *U.S. v. 7215 Longboat

Drive*, 750 F.3d 968 (8th Cir. 2014) (reversing district court's striking of claimants on a notice

and late claim issue, remanding case); *U.S. v. $85,688.00*, 577 F. App'x 811 (10th Cir. 2014)

(finding traffic stop illegal, reversing district court's denial of Claimant's motion to suppress);

*U.S. v. $239,400*, 795 F.3d 639 (7th Cir. 2015) (reversing district court striking claimants for

supposed failure to adequately answer Rule G special interrogatories, remanding case); *U.S. v.

Grossi*, 624 F. App'x 447 (9th Cir. 2015) (third appeal by defendant in case, reversing district

court and remanding to calculate reasonable CAFRA attorney fees for criminal defendant who

became the successor in interest of innocent third-party claimant after he paid a loan off during

pendency of criminal prosecution); *U.S. v. $307,970.00,* 2019 U.S. Dist. LEXIS 156667, at *9

(E.D.N.C. Sep. 13, 2019) (granting spoliation motion as to currency seized for evidence but

deposited, allowing a permissive adverse inference as a sanction for the destruction of evidence).

Mr. Burch of Law Office of Michael and Burch was Mr. Schwabe's lead and sole trial

counsel in this case. As detailed in Mr. Burch's declaration filed concurrently, Mr. Burch is a

partner at said firm, has specialized knowledge and experience in the litigation of forfeiture

proceedings which is rare among attorneys in this country, has been litigating such specialized

cases in many different forums all around the country since late 2007, and provides a detailed

factual basis for his legal training, background, experience, and skill, the services he rendered, the time spent, how such was recorded, as well as a detailed foundation and explanation for the hourly rates sought for his work in this civil forfeiture case. <u>Burch Decl.</u>, discussion, *infra*.

Of particular note, Mr. Burch (and his law partner David Michael's) are among the few attorneys in this Country who have prevailed in civil forfeiture actions and been awarded CAFRA attorney fees, and among the even fewer who have done it multiple times. *See* <u>Burch Decl</u>. and <u>Michael Decl.</u> filed concurrently and discussion *infra*; *U.S. v. $85,668.00*, 2015 U.S. Dist. LEXIS 13933 (D. Utah Feb. 4, 2015); *U.S. v. $1,026.781.61*, 2013 U.S. Dist. LEXIS 28910 *5-7 (C.D. Cal Mar. 2013); *U.S. v. 2638 Market Street (Grossi)*, (N.D. Cal Nov. 16, 2015) (stipulated settlement with government agreeing to $125,000 in § 2465 attorney fees).

Mr. Burch's current hourly rate is $600 per hour, which is a reasonable hourly rate for Mr. Burch. *See discussion, infra,* and *e.g.,* <u>Declaration of Eric Honig</u>, filed concurrently, at p. 7 ¶ 21; <u>Declaration of David B. Smith</u>, filed concurrently, at p. 2 ¶ 10.

Mr. Burch maintained contemporaneous, detailed time records for his work in this case and expended hours (and kept documentation of all expenses incurred) in this case up to the filing of this motion, as set out in his declaration and timesheet, and will submit a final tally with the reply brief. <u>Burch Decl.</u> pp. 6-8 & <u>Exhibit A</u>; Bill of Costs, itemized costs filed concurrently.

As detailed in his declaration, Mr. Michael worked significant hours on this case, and has a long history as a skilled and well-regarded attorney with expertise in forfeiture defense.

Mr. Michael is a long-standing member of the National Association of Criminal Defense Lawyers (NACOL) and part of the NACDL Forfeiture Task Force that was instrumental in the writing and enactment of the federal Civil Asset Forfeiture Reform Act of 2000 (CAFRA) (Pub. L. No. 106-185, 114 Stat. 202, codified principally at 18 U.S.C. §§ 981 & 983), which greatly

expanded the rights of citizens who have had their private property seized by governmental agencies and seek its return. Mr. Michael has been practicing for over 40 years and has a long history of appellate success in forfeiture actions and has litigated many forfeiture cases through the federal courts of appeal and the United States Supreme Court.

Mr. Michael has provided a statement of services rendered with a summary of the time spent and the manner in which it was recorded. Michael Decl. at p. 8 ¶ 13 and Exhibit B, thereto.

## II.    The Government Is Liable for Reasonable Attorney Fees

### A.    Claimant Substantially Prevailed Here

The attorney fee and costs provision of 28 U.S.C. § 2465 is mandatory. The statute requires that the claimant "substantially prevail" against the United States government. If that happens, the government is liable for reasonable fees and costs incurred by the claimant. *See* 28 U.S.C. § 2465(b)(l)(A) ("[ ] in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for - (A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant"). Indeed, this Court has already noted so much. *See* Judgment, Doc. 133, at 2.

CAFRA's fee shifting provision was enacted to rectify unfairness to Claimants. "The purpose of CAFRA is to 'make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures.' " *U.S. v. One 1990 Beechcraft Aircraft,* 619 F.3d 1275, 1277-8 (11th Cir. 2010). [1]

---

[1] *See also U.S. v. Real Property in Section 9,* 241 F.3d 796, 799 (6th Cir. 2001). Specifically regarding the fee shifting provision, the legislative history indicates: the "costs of contesting a civil forfeiture of property can be substantial … it is unfair for the property owner to have to incur attorney fees and costs when the government does not prevail in civil forfeiture actions … the award of attorney fees is also justified because the government only has to prove its case

**B.     The Lodestar Method of Calculating Reasonable Attorney Fees**

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates; and the Court calculates an award of attorneys' fees by first calculating the "lodestar, by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *U.S. v. $60,201.00*, 291 F.Supp.2d 1126, 1129 (C.D. Cal. 2003). *See also U.S. v. $186,416.00*, 642 F.3d 753, 755 (9th Cir. 2011) (lodestar proper method for CAFRA, § 2465 fees); *U.S. v. One Star Class Sloop Sailboat*, 546 F.3d 26, 37-8 (1st Cir. 2008) (same).

Though there appears to be no Tenth Circuit Court of Appeals opinions substantively discussing CAFRA fees, the lodestar method is the generally accepted method under fee shifting statues within this circuit as well (*e.g., Malloy vs. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996)), and counsel has previously prevailed in another District Court within this Circuit and a senior judge there determined that the lodestar method was the correct method for CAFRA fees (*$85,668, supra*, 2015 U.S. Dist. LEXIS 13933 (D. Utah 2015)).

**Reasonable Hourly Rates.** Under § 2465, a substantially prevailing claimant "must show that the hourly rates charged are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.' " *$60,201.00*, *supra*, 291 F. Supp. 2d at 1130 (quoting *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)).

"[A]ffidavits of the [claimants'] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate. *Camacho v. Bridgeport Financial, Inc*, 523 F.3d 973, 980 (9th Cir. 2008).

---

against the property by a preponderance of the evidence …[i]f the government decides to pursue a civil forfeiture action instead of the more difficult to prove criminal forfeiture action, it should be obligated to pay the attorney fees and costs of the property owner when the property owner prevails." SB 1931, Nov. 16, 1999, Stat. of Hatch.

In *Camacho*, the appeals court "remand[ed] to the district court with instructions to determine the proper amount of fees" after criticizing the district court for finding the requested fees "unreasonable on the facts of this case" when it "did not identify which facts led to this conclusion" and "did not discuss the declarations filed by either party, ..." *Id.* Importantly, *Camacho* held that "[i]n determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services." *Camacho*, 523 F.3d at 981 (citing *Bell v. Clackamas Cty*, 341 F.3d 858, 869 (9th Cir. 2003) (abuse of discretion to apply market rates from two years before work performed)).

Five years ago, Mr. Burch's and Mr. Michael's rates were found to be $325 per hour and $625 an hour, respectively for defending federal civil forfeiture actions (*see $85,668, supra*, 2015 U.S. Dist. LEXIS 13933; *U.S. v. $1,026.781.61 in Funds from Fla. Capital Bank*, 2013 U.S. Dist. LEXIS 28910 *5-7 (C.D. Cal Mar. 2013) (reasonable rate for Michael in a civil forfeiture action was $600/hr, and $300/hr for Burch, for work done primarily in 2011-2012).

Mr. Schwabe seeks reimbursement here for Mr. Burch's services at the rate of $600 per hour, and $825 per hour for Mr. Michael. Mr. Burch and Mr. Michael are entitled to hourly rates higher than those of a general practitioner in the Denver area, because this case required specialized knowledge and experience not held by any Colorado defense attorney, and Mr. Burch and Mr. Michael live in and are based out of the San Francisco Bay area.

In *$85,668.00, supra*, 2015 U.S. Dist. LEXIS 13933 * 4, the Court rejected the Government's arguments that 1) "the rates charged by Michael and Burch are unreasonable for the Utah market, which [the government] assert[ed] is the relevant community" and 2) "the case did not present such exceptional circumstances that a local attorney could not have handled the matter." The Court found that civil forfeiture is a practice specialty, the claimant's local criminal

defense attorney referred the matter to Mr. Michael and Mr. Burch because of their specialized

knowledge and experience in civil forfeiture, and no attorney in the state had ever substantially

prevailed and been awarded attorneys fees/costs per § 2465 in a federal civil forfeiture action, so

"the relevant community for purposes of determining a reasonable attorney rate to be out of

state/national experienced forfeiture attorneys, such as Claimant's California counsel." *Id.* *5-6.

Just so here. *See*, filed concurrently hereto, Honig Decl. & Smith Decl. (civil forfeiture

highly specialized practice area, few attorneys in the country are specialists); Maytin Decl. at 2 ¶

5 (referred Mr. Schwabe's civil forfeiture case to Michael and Burch because unaware of any

Colorado attorneys with such practice expertise), Goldberg Decl. p. 2 ¶¶ 4-5 (Michael and Burch

among the most experienced, knowledgeable and capable practitioners of federal asset forfeiture

law in the country), Michael Decl, & Burch Decl. (outlining experience).

There appears to be no instance of an attorney substantially prevailing and being awarded

attorney fees in a civil forfeiture action in the District of Colorado, let alone an attorney from

Colorado doing so. Burch Decl. at p. 8 ¶ 16, Exhibit 4 (lexis search results).

Indeed, Mr. Smith is one of (if not the) preeminent authorities on forfeiture – he literally

wrote the book on it: Mr. Smith is the author of the leading two-volume treatise on forfeiture,

*Prosecution and Defense of Forfeiture Cases* (2014). Mr. Smith's CV speaks for itself, but just

as loudly do the countless judicial opinions citing to his treatise that confirm Mr. Smith's special

knowledge and experience on the subject. *E.g. $186,416, supra*, 527 F. Supp. 2d at 1116

(referring to it as an "oft-cited treatise on asset forfeiture law"). Mr. Smith explains that civil

asset forfeiture defense is a specialized practice area, indicates that Mr. Schwabe's attorneys are

specialists, and that he considers Mr. Burch and Mr. Michael as among the few attorneys in the

country that he considers experts in the area. Smith Decl. at p. 2. Mr. Honig, a former federal

forfeiture prosecutor Chief of the Asset Forfeiture Section in the Central District of California

with decades of experience in forfeiture declares the same. Honig Decl. at, e.g., pp. 1-3, 6-7.

    See also, e.g., U.S. v. $116,850, 166 F. Supp. 3d 626, 634-35 (D.S.C. 2015) (a civil

forfeiture "case is certainly more complicated than an insurance fight over a car wreck or a drug

trafficking prosecution[;] it [ ] involved criminal law, Constitutional law, federal Admiralty

procedure, the asset forfeiture scheme, [state law], and now the attorney's fees provision of

CAFRA [so] the Court finds this case presented both difficult and novel issues.")

    Further, in terms of cost of living, San Francisco, where Mr. Michael and Mr. Burch are

based, is the second most expensive city in the country (second only to Manhattan, NY). [2]

> Under the 2005 Laffey matrix, attorneys with 20 or more years of experience bill
> $ 390/hour …. These figures are, however, tailored for the District of Columbia,
> which has a somewhat lower cost of living than the San Francisco Bay area (in
> which lead counsel's firm operates); the court will adjust these figures
> accordingly. The locality pay differentials within the federal courts -- which, like
> law firms, employ lawyers and legal support staff -- can approximate this
> difference. [ ] The Washington-Baltimore area has a +15.98% locality pay
> differential; the San Francisco-Oakland-San Jose area has a +26.39% locality pay
> differential. Thus, adjusting the Laffey matrix figures upward by approximately
> 9% will yield rates appropriate for the Bay area.

In re HPL Tech., Inc., Securities Litigation, 366 F. Supp. 2d 912, 921-22 (N.D. Cal. 2005).

    The United States Attorney's Office's 2019 "Laffey" matrix (Exhibit 2) indicates a $491

per hour rate for an attorney with 11+ years experience like Burch. If you adjust upward by

11.03% as the current the federal court locality pay differentials do, [3] you get $545 per hour for a

general practitioner in the San Francisco Bay Area. Once it is properly accounted for that Mr.

Burch has specialized knowledge and experience in civil forfeiture defense, $600 per hour is an

---

[2] See, e.g., https://www.kiplinger.com/slideshow/real-estate/T006-S001-most-expensive-u-s-cities-to-live-in-2019/index.html ; see also, e.g., https://www.investopedia.com/articles/personal-finance/080916/top-10-most-expensive-cities-us.asp

[3] Viewed at https://www.uscourts.gov/careers/compensation/judiciary-salary-plan-pay-rates and filed concurrently as Exhibit 3.

appropriate and reasonable hourly rate for Mr. Burch. *See also* <u>Smith Decl.</u> 2 ¶ 10 (Mr. Smith's current rate is $825/hour and $600/hour is a reasonable rate for Burch); <u>Honig Decl.</u> 6-7 ¶¶ 19 & 21 (Mr. Honig's current rate is $800/hour and and $600/hour is reasonable for Burch).

To be sure, a Court in Chicago in 2014 ordered CAFRA attorney fees pursuant to 28 U.S.C. § 2465(b) at the rate of <u>$650 per hour</u> "for shareholders from the firm, $375 for firm 'members,' $300 for associates, $125 for staff attorneys, and $125 for paralegals." *United States v. All Funds*, 2014 U.S. Dist. LEXIS 64192 *35 (N.D. Ill. May 9, 2014). Mr. Honig two years later was awarded CAFRA attorney fees pursuant to 28 U.S.C. § 2465(b) at the rate of <u>$750 per hour</u>. *U.S. v. 475 Martin Lane,* 2016 U.S. Dist. LEXIS 196020, at *9 (C.D. Cal. Nov. 2, 2016).

Mr. Michael's requested rate of $825 per hour is thus also reasonable. The Laffey Matrix for general practitioners in the Washington D.C. area with 31+ years experience like Mr. Michael, indicates a rate of $613 per hour. An adjustment for cost of living yields a ~$681 per hour rate. Appropriately taking into account that Mr. Michael is one of the few forfeiture specialists in the country, with decades of experience in that specialty area, $825 per hour is a reasonable hourly rate. *See also* <u>Smith Decl.</u> at p. 2 ¶ 10; <u>Honig Decl.</u> at pp. 6-7 ¶ 22.

Thus, the rates requested here are in line with <u>current</u> market rates for attorneys specializing in forfeiture defense with comparable experience, and are reasonable even when compared with rates of general practitioner attorneys within the Tenth Circuit. *See, e.g., Flying Inc. v. Comdata Network, Inc.*, 2007 U.S. Dist. LEXIS 84554 (Dis. Utah, Nov. 15, 2007) (approving of <u>$675 hourly rate</u> for a senior partner for work in 2006); *United States Welding, Inc. v. Tecsys, Inc.*, 2017 U.S. Dist. LEXIS 199952, at *11 (D. Colo. Sep. 8, 2017) (<u>$595 per hour</u> reasonable hourly rate of attorney in Denver market); *Ward v. Siebel*, 2012 U.S. Dist. LEXIS 83171, at *16 n.4 (D. Colo. June 15, 2012) (<u>$760 per hour</u>).

**No Reduction in The Fee Award is Warranted.** As the United States Attorney's Office indicates in its notes in its Laffey matrix, "[a] 'reasonable fee' is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases." <u>Exhibit 2</u> at 1 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). As noted, it appears that there have been no attorneys to have obtained an award of CAFRA § 2465 attorney fees against the government in this district.

Many other factors weigh for the significant recovery sought herein: the case was undesirable because it was risky, Mr. Schwabe and his counsel have worked closely and it took 3 years to obtain the return of any of the funds, and his sole trial counsel was up against an experienced, excellent team of attorneys and other staff of the U.S. Attorneys Office, including the Chief of the "Asset Recovery Division" (i.e. the forfeiture division), one of the two trial counsel in this case. *Cf. $116,850, supra*, 166 F. Supp. 3d 626, 634-37.

Further, Mr. Schwabe took a number of steps throughout the litigation to reduce the amount of costs and fees. For example: Mr. Schwabe went to trial with one attorney only; Mr. Schwabe is not requesting fees or costs for Mr. Michael's appearance during a portion of the motion to suppress hearing; and Mr. Schwabe forewent live depositions of multiple of the officers involved in the search and seizure of the property, choosing to do a paper deposition of one of the officers whom undersigned believed might have unique knowledge of the events; one of Mr. Schwabe's trial witnesses (his sister Donna Plank) stayed in the same hotel room.

And, it is common and well within a court's discretion to order attorney fees that far exceed the amount in controversy. *E.g., U.S. v. $17,700*, Case 2:08-cv-04518-ABC-JC, Doc. 53, 12/19/08 ($96,690.00 in attorney fees); *$116,850, supra*, 166 F. Supp. 3d at 637-38 ($152,500.00 in attorney fees); *Garcia v. Tyson Foods, Inc.*, 2014 U.S. App. LEXIS 15917 *19-20 (10th Cir. 2014) ("fee award substantially exceeded the damages award" within discretion);

*$85,668.00, supra*, 2015 U.S. Dist. LEXIS 13933 ($195,797.50 in attorney fees); *U.S. v. 4,432*

*Mastercases of Cigarettes*, 322 F. Supp. 2d 1075 (C.D. Cal. 2004) (nearly $500,000 in fees).

Moreover, the full amount of fees and costs sought here is further warranted because the

government gave Mr. Schwabe no choice but to litigate as to all of the money.

28 U.S.C. § 2465(D) provides, "If the court enters judgment in part for the claimant and

in part for the Government, the court shall reduce the award of costs and attorney fees

accordingly." However, the small reduction suggested by that subdivision is not warranted here.

Fed.R.Civ.P. 68 has long operated to encourage settlement and discourage unreasonable

settlement postures. [4] The gist and main purpose of Rule 68 is that it compels plaintiffs to pay

defendants' post-settlement-offer attorney fees and costs when the amount ultimately recovered

by plaintiff is less than amount of the previously refused offer. *E.g.,* Fed.R.Civ.P. 68(d) ("If the

judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the

offeree must pay the costs incurred after the offer was made."); *Lilly v. City of New York*, 934

F.3d 222, 235 (2d Cir. 2019) ("If the opposing party rejects the offer and that party eventually

obtains a judgment that is not as favorable as the unaccepted offer, the opposing party must pay

the costs incurred by the defendant after the offer was made, which includes attorney's fees")

(citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Crux Subsurface, Inc. v. Black & Veatch Corp.*,

2011 U.S. Dist. LEXIS 134897 *10-15 (D. Kan. Nov. 22, 2011) (fees part of "costs").

To that end, Rule 68 allows appropriate adjustments to the amount of attorney fees when

a offerree party rejected an offer that exceeds their ultimate recovery. *See, e.g., Dalal v. Alliant*

*Techsystems, Inc.,* 927 F. Supp. 1374 (D. Colo. 1996). In *Dalal*, the District Court, looking to

---

[4] "[T]he Federal Rules of Civil Procedure also apply" to "forfeiture action[s] in rem arising from a federal statute", "[t]o the extent that [Rule G] does not address an issue[.]" Supp. Rule G(1).

Ninth Circuit authority which held that "in determining what fee is reasonable", a District Court "must take into consideration … whether it was reasonable to continue litigating the case after the Rule 68 offer was made", and awarded all fees incurred before the Rule 68 offer but only half of the fees incurred after the Rule 68 offer because the Plaintiff had ultimately recovered $40,000 less than what he would have if he had accepted the offer. 927 F. Supp. 1374, 1382 (emphasis added); *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 761 (10th Cir. 1999) (affirming, "[t]he reasonableness calculation [ ] must take the fact of the Rule 68 offer into account").

This case presents the inverse of *Dalal*. Mr. Schwabe made a Rule 68 offer of $170,000 to the government on November 11, 2019, [5] which constituted 1/3 of the seized funds being returned ($38,000) plus $132,000 attorney fees and costs which Mr. Schwabe's counsel informed was a very conservative estimate of 1/3 of only Mr. Burch's fees and $20,000 in costs. Exhibit 5 p. 3; Burch Decl. p. 8 ¶ 17. [6] In making said offer, Mr. Schwabe's counsel specifically indicated to opposing counsel that he had then "worked 476.45 hours on this case" and anticipated the "attorney fee/cost award [ ] would be approximately $520,000" if he prevailed at trial. *Id.*

The Government rejected that offer and Mr. Schwabe obtained a judgment that far more than doubled his own (rejected) offer vis-à-vis returned funds. The jury ordered the return of $93,700 of the seized $114,700, or 82% of the seized funds. Mr. Schwabe's ultimate recovery, once attorney fees and costs are considered, is thus hundreds of thousands of dollars more than the offer rejected by the government, and the letter, spirit, and case law of Rule 68 require that, at a minimum, Mr. Schwabe be awarded 100% of his reasonable fees and costs incurred from the

---

[5] "Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs." Fed.R.Civ.P. 68(b). *See also, e.g., Dalal, supra,* 927 F. Supp. at 1382 (discussing substance of settlement offers in determining if reduction in lodestar amount was warranted).

[6] The government, on Nov. 8, 2019, made a Rule 68 offer (its best offer in the case) of $50,000 in total recovery. Mr. Schwabe obtained a far more favorable judgment of basically double that even ignoring the attorney fees and costs he will be awarded.

date of the rejected offer – he had no choice but to keep litigating.

But, moreover, just as the application of the exclusionary rule "is particularly well-suited to advance[ ]" "the twin aims of deterrence and judicial integrity" "in the context of civil forfeiture proceedings" (*U.S. v. $186,416.00,* 590 F.3d 942, 950 (9th Cir. 2010), CAFRA's fee shifting provision's purpose is - and its effect should be - to deter the government from taking unreasonable and overly aggressive litigation and settlement postures.

In this case, the government, at best, forced Mr. Schwabe's hand – it refused, through every stage of the litigation, to acknowledge and appreciate defenses, making only the most paltry of settlement offers and rejecting Mr. Schwabe's generous offers. Now, a jury of Mr. Schwabe's peers has forced reality upon the government, and it should not be treated leniently.

Further, as noted, the legislative history emphasizes, the government, with the embarrassingly low and forgiving preponderance burden could only obtain a judgment that the tiniest portion of the Defendant currency was from marijuana sales.

In sum, at no time in this litigation was Mr. Schwabe given an opportunity to release and forfeit a small fraction of his seized funds, so he never had any choice but to forge ahead, and to litigate and incur significant but perfectly reasonable attorneys fees and costs. Mr. Schwabe should be awarded 100% of his reasonable attorney fees and costs.

## III.     The Fees and Costs Requested Here Are Reasonable and Appropriate

Though the total will be updated with the reply brief, the fees requested at this time are:

| Attorney | Rate | Hours | Amount of Fees |
|---|---|---|---|
| Burch | $600 | 694 | $416,400.00 |
| Michael | $825 | 48.18 | $39,748.50 |
| Hagin Emison | $500 | 45.17 | $22,585.00 |
| Zalkin | $250 | 6.25 | $1,562.50 |
| Maytin | $300 | 1.1 | $350.00 |
| | | Total Fees | $480,646.00 |

Mr. Schwabe also requests reimbursement for "other litigation costs reasonably incurred." 28 U.S.C. § 2465(b)(1)(A). Mr. Burch has itemized costs incurred with the completed concurrently filed D.C.Colo.LCivR 54.1 Bill of Costs. Mr. Schwabe is entitled to reimbursement for all costs therein. *E.g., Lankford v. Reladyne, LLC*, 2016 U.S. Dist. LEXIS 85003 *15-16 (S.D. Ohio June 29, 2016) ("argu[ment] that plaintiff may not recover costs for mileage, postage, parking, meals, travel, office supplies, hotels, trial exhibits, or computer use because these expenses are not enumerated in 28 U.S.C. § 1920 [ ] is not well-taken[,] they are 'incidental and necessary expenses incurred in furnishing effective and competent representation.'"). [7]

Receipts are not required to support the costs claimed by the prevailing party, rather, an affidavit affirming the legitimacy of the costs is. *E.g. Arnoul v. Busch Entertainment Corp.*, 2008 U.S. Dist. LEXIS 128142 *5 (M.D. Fla. Dec. 30, 2008) (citing 28 U.S.C. § 1924; *McInnis v. Town of Weston*, 458 F. Supp. 2d 7, 22 (D. Conn. 2006)); *Fowler v. Westminster College of Salt Lake*, 2013 U.S. Dist. LEXIS 12906, at *2-3 (D. Utah Jan. 30, 2013) (awarding costs even though party lost some of the receipts); *$85,668.00, supra,* 2015 U.S. Dist. LEXIS 13933 *13-14 (awarding costs despite supposed lack of support, compliance with local rule).

This District's bill of cost form accordingly requires a sworn signature "that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed[.]" *See also* <u>Burch Decl.</u> at pp. 7-8 ¶ 15. All costs incurred and requested, $18,625.66 total, are itemized and reasonable.

## IV.   CONCLUSION

Mr. Schwabe respectfully requests the Court to order the government to pay reasonable attorney fees and costs pursuant to 28 U.S.C. § 2465, in a final amount according to proof.

---

[7] *See also, e.g., United States Welding, Inc. v. Tecsys, Inc.*, 2017 U.S. Dist. LEXIS 199952, *18-19 (D. Colo. Sep. 8, 2017); 28 U.S. Code § 1821(c) (3) & (4).

Respectfully submitted,

Dated: 20 December 2019

s/*Edward M. Burch*
Edward M. Burch, Law Office Of Michael & Burch, LLP
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 946-8996
E-Mail: edward@michaelburchlaw.com
Attorney for Claimant RICHARD SCHWABE

## CERTIFICATE OF SERVICE

I hereby certify that on 20 December 2019, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following email addresses:

AUSA Tonya Shotwell Andrews
U.S. Attorney's Office-Denver
1801 California Street, Suite 1600
Denver, CO 80202
Email: Tonya.Andrews@usdoj.gov

s/*Edward M. Burch*
EDWARD M. BURCH