IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00452-CMA-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$114,700.00 in United States Currency,

    Defendant.

## ORDER

This matter is before the Court on Claimant Richard Schwabe's Motion for Review (Doc. # 164) of the Clerk's cost award (Doc. # 163). The Motion is denied for the following reasons.

### I.    BACKGROUND

This is an asset forfeiture case. In 2016, federal agents received information about an illegal marijuana grow operation on Schwabe's property in Silt, Colorado. (Doc. # 1, ¶¶ 4, 7). When they searched the property, the agents found numerous marijuana plants, firearms, and ammunition, along with $114,700 in cash. (Doc. # 1, ¶¶ 17-18). The agents seized the cash, and Schwabe was charged with illegal cultivation and possession of marijuana. (Doc. # 1, ¶ 20).

The Government then sought forfeiture of the cash pursuant to 21 U.S.C. § 881(a)(6), which allows the Government to seize the proceeds of marijuana sales. (Doc.

1

# 1). Schwabe opposed the forfeiture, and the case proceeded to a jury trial. The jury found that $21,000 of the $144,700 seized were the proceeds of marijuana sales. (Doc. # 132). The Court therefore ordered that $21,000 of the $114,700 seized be forfeited to the Government, and that the remaining $93,700 be returned to Schwabe. (Doc. # 133, ¶¶ 1- 4).

After the trial, Schwabe filed a Proposed Bill of Costs seeking reimbursement of $18,625.66 in litigation expenses. (Doc. # 135). After a hearing, the Clerk of Court found that only $7,901.48 of the costs requested were reimbursable under 28 U.S.C. § 1920 and § 1821. (Doc. # 163-1, p. 3). The Clerk also concluded that, because Schwabe had failed to recover 18.3% of the total amount seized, his cost award should be reduced by 18.3%. (Doc. # 163-1, pp. 3-4). Finally, the Clerk found that, because the Government won forfeiture of 18.3% of the total amount seized, the Government was entitled to recover 18.3% of its costs. (Doc. # 163-1, p. 4). Taking these deductions into account the Clerk ultimately awarded Schwabe $5,558.58 in costs. (Doc. # 163).

Schwabe now challenges the Clerk's cost award. Schwabe argues that (1) under the federal forfeiture statute, 28 U.S.C. § 2465(b), he is entitled to an award of all his costs, regardless of whether they are awardable under 28 U.S.C. § 1920 or 28 U.S.C. § 1821; (2) it was "unwarranted" to reduce his cost award by 18.3%; and (3) the Government is not entitled to recover any of its costs. (Doc. # 164). The Court disagrees and affirms the Clerk's cost award.

## II. ANALYSIS

**A. SCHWABE HAS FAILED TO DEMONSTRATE THAT HE IS ENTITLED TO ADDITIONAL COSTS**

Schwabe first argues that the Clerk erred by failing to award him all of the costs he requested. The Court disagrees.

Federal Rule of Civil Procedure 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). However, not every litigation expense is an awardable "cost." Generally, only the expenses enumerated in 28 U.S.C. § 1920 may be awarded as "costs" under Rule 54(d). *Sorbo v. United Parcel Serv.,* 432 F.3d 1169, 1179 (10th Cir.2005). These costs include:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C.A. § 1920. Some other cost items, like witness travel expenses, may be awarded under 28 U.S.C. § 1821. "The burden is on the party seeking costs . . . to

3

establish the amount of compensable costs and expenses to which it is entitled[.]" *Allison v. Bank One-Denver*, 289 F. 3d 1223, 1248-49 (10th Cir. 2002).

In this case, the Clerk analyzed Schwabe's cost request and concluded that, of the $18,625.66 Schwabe claimed as costs, only $7,901.48 fell within the categories of awardable costs enumerated in 28 U.S.C. §§ 1920 and 1821. (Doc. # 63-1). Therefore, the Clerk concluded, Schwabe was entitled to $7,901.48 in costs, less the proportional reductions described above. (Doc. # 63-1, pp. 3-4). The Court finds no error in the Court's conclusion.

Schwabe has not identified any additional costs in his Proposed Bill of Costs that should have been categorized as awardable costs under Section 1920 or Section 1821. In fact, Schwabe's Motion does not point the Court to a single expense that fell within one of the categories of awardable costs but was not awarded. Therefore, the Court has no basis to overturn the Clerk's cost award.

Schwabe argues, however, that the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465, allows him to recover 100% of the costs claimed in this case. (Doc. # 164, pp. 2-3; Doc. # 167, p. 2). In Schwabe's view, however, Section 2465 supersedes Section 1920 and Section 1821 and allows him to recover costs that do not fall within the categories of awardable costs listed in those statutes. (Doc. # 162, p. 4 ("the statute specifically provides for 'other' litigation expenses . . . outside what is strictly defined in §§ 1821 & 1920")). The Court is not convinced.

Section 2465(b) provides that "in any civil proceeding to forfeit property . . . in which the claimant substantially prevails, the United States shall be liable for . . .

4

reasonable attorney fees and other litigation costs reasonably incurred by the claimant."
28 U.S.C. § 2465(b)(1). Contrary to Schwabe's contention, it does not "specifically
provide" for an award of costs beyond those enumerated in Section 1920 and Section
1821. In fact, the statute says nothing about Section 1920 or Section 1821, and it
provides no guidance as to what costs or awardable or how to determine whether a
claimant's costs were "reasonably incurred." Schwabe has failed to present any
persuasive reason why this Court should interpret Section 2465 as overriding Section
1920 and Section 1821.

Furthermore, even if Schwabe were correct that Section 2465(b) allows for an
award of costs that fall outside the categories enumerated in Section 1920 and Section
1821, his arguments would nevertheless fail because he has not demonstrated that his
cost request is reasonable. Costs requested by the prevailing party "should always be
given careful scrutiny," and "the amount of the award requested must be reasonable."
*U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir.1988), *overruled
on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215,
1231 (10th Cir.1996). Schwabe's Motion fails to even state what his additional expenses
were, let alone why they were reasonable. (Doc. # 164, p. 2). Instead, he simply argues
that it was unfair that the Clerk didn't give him everything he asked for. (*See, e.g.* Doc. #
164, p. 3 ("Claimant reasonably incurred fees and other litigation costs and the
Government must be held liable to Claimant for those fees and other litigation costs,
otherwise Claimant is not made whole.")). This argument does not establish a right to
relief. It is not the Court's job to scour the record in search of awardable costs that the

5

Clerk might have missed. *See, e.g. Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming advocates who comb the record . . . and make a party's case for it."). Rather, the party seeking costs bears the burden of showing what costs should be awarded. *See Allison*, 289 F.3d at 1249 (the party seeking costs must provide "an adequate explanation for the necessity of the requested costs[.]") Schwabe has failed to meet this burden, so he is not entitled to an additional cost award.

**B.     THE CLERK PROPERLY APPLIED A PROPORTIONAL REDUCTION TO THE COST AWARD**

Schwabe next argues that the Clerk erred by reducing his cost award by 18.3% to reflect that he was only partially successful in this forfeiture action. The Court disagrees.

Section 2465 provides that, when a forfeiture claimant is only partially successful, his cost award should be reduced: "If the court enters judgment in part for the claimant and in part for the Government, the court shall reduce the award of costs and attorney fees accordingly." 28 U.S.C.A. § 2465(b)(2)(D). Further, it is within the Court's discretion to refuse to award costs to a party which was only partially successful. *Howell Petroleum Corp. v. Samson Resources Co.*, 903 F.2d 778, 783 (10th Cir. 1990). Applying this authority, the Court agrees with the Clerk that it was appropriate to reduce

Schwabe's cost award by 18.3% to reflect that Schwabe was only partially successful in avoiding forfeiture.

## C.     THE CLERK DID NOT ERR BY AWARDING COSTS TO THE GOVERNMENT

Finally, Schwabe argues that the Clerk erred by awarding costs to the Government. The Clerk determined that, because the Government prevailed as to 18.3% of the amount in dispute, the Government was entitled to recover 18.3% of its awardable costs, or $896.14. (Doc. # 163-1, p. 4). Schwabe now argues that this award "punishes Claimant twice and essentially amounts to double dipping." (Doc. # 167, p. 5). The Court disagrees.

F.R.C.P. 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Where, as here, no party is completely successful in obtaining all of the relief it sought, the Court has discretion to award costs to one party, to both parties, or to neither party. *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223,1234–35 (10th Cir. 2001). Exercising this discretion, the Court agrees with the Clerk that each party is entitled to an award of costs proportionate to its degree of success in obtaining the relief sought.

Schwabe argues, however, that because the Government did not obtain forfeiture of the entire amount seized, Schwabe is "the SOLE prevailing party," and thus the only party entitled to recover costs. (Doc. # 167, p. 5 (emphasis in original)). The Court disagrees. The Government was a prevailing party in this case: the "prevailing party," for purposes of Rule 54(d)(1), is "usually the litigant in whose favor judgment is

7

rendered," regardless of the amount awarded. *Barber*, 254 F.3d at 1234 (internal quotation omitted). Because the Court entered judgment in favor of the Government in the amount of $21,000, the Government was a prevailing party in this case, and it is entitled to an award of costs under Rule 54(d)(1).

Schwabe also argues that, even if the Government is deemed a "prevailing party" under Rule 54, it is nevertheless prohibited by Section 2465 from recovering costs. Under F.R.C.P. 54(d)(1), a "prevailing party" is entitled to recover costs "[u]nless a federal statute, these rules, or a court order provides otherwise[.]" Schwabe argues that "28 U.S.C. § 2465 clearly does provide otherwise," and that Rule 54 therefore does not apply to this case. (Doc. # 167, p. 4). The Court disagrees.

Section 2465 provides, in relevant part: "in any civil proceeding to forfeit property . . . in which the claimant substantially prevails, the United States shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1). Contrary to Schwabe's contention, this language does not "clearly" establish that Rule 54 does not apply in forfeiture cases. Indeed, Section 2465 does not even mention Rule 54. Rather, Section 2465 simply allows claimants to recover costs when they would otherwise be unavailable: in cases where the Government partially prevails. Schwabe has failed to establish that Section 2465 eliminates this Court's discretion to award costs to the Government in this case.

## III. CONCLUSION

For the foregoing reasons, Claimant's Motion for Review (Doc. # 164) is DENIED. The Clerk's cost award (Doc. # 163) is AFFIRMED. It is FURTHER ORDERED that costs in the amount of $5,558.58 are awarded to Claimant Richard Schwabe and against Plaintiff the United States of America.

DATED:  August 19, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge